**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **KENNETH HILL, #181096,** | : |
|     **Plaintiff,** | : |
| **vs.** | : CIVIL ACTION NO. 15-00179-WS-B |
| **STATE OF ALABAMA,** | : |
|     **Defendant.** | : |

**REPORT AND RECOMMENDATION**

Plaintiff Kenneth Hill, an Alabama prison inmate proceeding pro se and in forma pauperis, filed a Complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

**I. Complaint. (Doc. 1).**

The sole Defendant to this brief Complaint is the State of Alabama. (Doc. 1 at 1, 4). Hill alleges that as an inmate confined to Fountain Correctional Facility's lock-up, he is entitled to go outside at least forty-five minutes to one hour each day. (Id. at 4). However, inmates in lock-up have only been allowed to go outside for one to two hours a week, if at all. (Id.). Hill further alleges that in lock-up, there is no sprinkler system, which is a safety and security hazard. (Id.).

For relief, Hill requests "more yard time and [the] add[ition] of] sprinkler systems." (Id. at 7).

## II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Hill is proceeding in forma pauperis, the Court is reviewing his Complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989). A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S. Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). That is, "[f]actual allegations must be

2

enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S. Ct. at 1965, 1966 (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949.

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 595-96, 30 L. Ed. 2d 652 (1972), but it does not have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Randall v. Scott, 610 F.3d 701, 710 (11th Cir. 2010) (relying on Iqbal, 556 U.S. 662, 129 S. Ct. 1937). Furthermore, while a court treats as true factual allegations, it does not treat as true conclusory assertions or a recitation of a cause of action's elements. Iqbal, 566 U.S. at 681, 129 S. Ct. at 1951. In addition, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**III. Analysis.**

As noted supra, in this § 1983 action, Hill names the State of Alabama as the sole defendant.  Section 1983 requires a "person" be named as a defendant.  42 U.S.C. § 1983; see Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (in order to state a claim under § 1983, a plaintiff must be deprived of a federal right by a "person" acting under color of state law), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).  A state, however, is not a "person" for the purpose of a § 1983 action.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989).  Thus, this action against Defendant State of Alabama is frivolous as a matter of law and is due to be dismissed.

Furthermore, an alternate ground for dismissing this action exists.  That is, the State of Alabama is entitled to the Eleventh Amendment's sovereign immunity.  The Eleventh Amendment "prohibits federal courts from entertaining suits by private parties against States and their agencies."  Alabama v. Pugh, 438 U.S. 781, 781, 98 S. Ct. 3057, 3057, 57 L. Ed. 2d 1114 (1978) (ruling the Eleventh Amendment barred an action against the State).  The two exceptions to sovereign immunity are if the state has waived its immunity or Congress has abrogated the state's immunity.  Va. Office for Prot. & Advocacy v. Stewart,

4

___ U.S. ___, ___, 131 S. Ct. 1632, 1637-38, 179 L. Ed. 2d 675 (2011); Carr v. City of Florence, Ala., 916 F.2d 1521, 1524 (11th Cir. 1990); Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003).  Alabama, however, has not waived its Eleventh Amendment immunity.  Pugh, 438 U.S. at 782, 98 S.Ct. at 3057-58 (finding Article I, § 14, of the Alabama Constitution prohibits Alabama from giving its consent and therefore the State of Alabama was entitled to Eleventh Amendment immunity); Lancaster v. Monroe County, Ala., 116 F.3d 1419, 1429 (11th Cir. 1997) (holding Alabama has not waived its Eleventh Amendment immunity).  Nor has Congress in § 1983 abrogated a state's Eleventh Amendment immunity.  Carr, 916 F.2d at 1525 (citing Quern v. Jordan, 440 U.S. 332, 345, 99 S. Ct. 1139, 1147, 59 L. Ed. 2d 358 (1979)); see Sossamon v. Texas, ___U.S. ___, ___, 131 S. Ct. 1651, 1658, 19 L. Ed. 2d 700 (2011) (ruling that the test for determining whether a state has waived its sovereign immunity is a stringent one that requires the relevant statute to unequivocally express the state's consent to be sued); see generally Bendolph v. Alabama, CA No. 13-0154-WS-N, 2013 WL 4501345, at *3 (S.D. Ala. Aug. 22, 2013) (unpublished).

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice, prior to service of

5

process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's factual findings." Dupree v. Warden, 715 F.3d 1295, 1300 (11th Cir. 2013). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **16th** day of **April, 2015.**

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**